IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR CORRAL,

    Petitioner,

v.                                                                                                                                                       No. 24-cv-1309 KG/GJF

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner Victor Corral's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, (Doc. 1) (Petition). Corral challenges his state conviction for voluntary manslaughter. The Court previously directed him to show cause why this proceeding should not be dismissed for failure to exhaust state remedies. Because Corral failed to respond, and having reviewed the state record to confirm the failure to exhaust, the Court will dismiss the Petition without prejudice.

### BACKGROUND[1]

On November 30, 2023, Corral pled no contest to voluntary manslaughter and was sentenced to a term of eleven years imprisonment, with three years suspended. *See* Plea and Disposition Agreement and Judgment in Case No. D-905-CR-2022-00343. On December 10, 2024, Corral filed a notice of appeal with the New Mexico Court of Appeals (NMCA). *See*

---

[1] The background facts are taken from the Petition and the state criminal dockets cited in the Petition, Case Nos. D-905-CR-2022-00343 and A-1-CA-42340. The state criminal docket is subject to judicial notice. *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

Notice of Appeal in Case No. A-1-CA-42340.  The NMCA dismissed the appeal on December 16, 2024.  *See* Order Dismissing Appeal in Case No. A-1-CA-42340.  Corral filed the instant Section 2254 proceeding on December 30, 2024.  (Doc. 1).  Under "Ground One" Corral states: "Deprivation of Rights" and "Justifiable Homicide."  (Doc. 1) at 5.  Corral paid the $5.00 habeas filing fee on December 30, 2024.  (Doc. 2).

By a Memorandum Opinion and Order entered May 1, 2025, the Court screened the Petition *sua sponte* under Habeas Corpus Rule 4 and determined Corral failed to exhaust state remedies before seeking federal relief.  (Doc. 5) (Screening Ruling); *see United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies … may be raised by a court *sua sponte*.").  Corral was permitted to file a response by June 2, 2025 showing cause, if any, why the Petition should not be dismissed without prejudice to refiling after the exhaustion process is complete.  The Screening Ruling directs that failure to respond and overcome the exhaustion requirement may result in dismissal of the Petition without prejudice.  Corral did not respond to the Screening Ruling.  The Court will therefore summarize the exhaustion defect before dismissing the Petition.

## DISCUSSION

The Petition is governed by 28 U.S.C. § 2254 and Habeas Corpus Rule 4.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer ... ."  *Id.*  As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to

2

exhaust state remedies" before obtaining relief "under . . . § 2254."); *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("defenses unique to the habeas context such as exhaustion of state remedies ... may be raised by a court sua sponte").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   In New Mexico, this means the petitioner must present each Section 2254 claim to the New Mexico Supreme Court (NMSC).   A petitioner may present the claims to the NMSC through a direct appeal or by filing a state habeas petition and appealing any adverse habeas ruling to the NMSC.   *See* NMRA Rule 5-802 (governing the procedure for filing a habeas petition in the state court); NMRA Rule 12-501 (permitting a direct appeal to the NMSC based on the denial of a state habeas petition by the trial court).   The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."   *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

As explained in the Screening Ruling, Corral's Petition and associated state dockets reflect Corral has not presented his federal claims to the NMSC.   Under each ground for relief, Corral checked "no" in response to many of the questions regarding exhaustion.   (Doc. 1) at 6-11.   In addition, the New Mexico State Courts' re:SearchNM website, which tracks all New Mexico trial court and appellate filings, confirms Corral's failure to exhaust.   *See* https://researchnm.tylerhost.net/CourtRecordsSearch/.   The state criminal docket reflects that Corral has not initiated any appellate proceeding before the NMSC.   *See* Docket Sheets in Case Nos. D-905-CR-2022-00343 and A-1-CA-42340.   The exhaustion requirement therefore has not been met in this case.   For this reason, the Court will dismiss this proceeding without prejudice

to refiling after completing the exhaustion process. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

    IT IS ORDERED that:

1. Victor Corral's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, (Doc. 1) is DISMISSED without prejudice;

2. A certificate of appealability is DENIED; and

3. The Court will enter a separate judgment closing the civil habeas case.

/s/_____
KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.